CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2012 JUN 12 PM 2:26
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| KIRK MARTIN BAGBY, TDCJ #1582340,<br>    Petitioner,<br><br>v.<br><br>STATE OF TEXAS,<br>    Respondent. | Civil No. 7:12-CV-093-O-BL |

## REPORT AND RECOMMENDATION

This is a petition for writ of error coram nobis filed by an inmate confined in the Michael Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas. Bagby challenges the validity of his Wichita County conviction for the offense of robbery. *See* Petition p. 2.

Although the writ of error coram nobis has been abolished in civil actions, Fed. R. Civ. P. 60(e), the writ survives with respect to criminal convictions and may be filed in federal court under the All Writs Act, 28 U.S.C. § 1651; *Cavett v. Ellis*, 578 F.2d 567, 569 n.4 (5th Cir. 1978).

In the context of a criminal case, the writ of error coram nobis is an extraordinary remedy available only to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where he can demonstrate (1) civil disabilities resulting from the criminal conviction, and (2) that the challenged error has resulted in a complete miscarriage of justice. *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) (citing *United States v. Castro*, 26 F.3d 557 (5th Cir. 1994)). If a petitioner remains "in custody" pursuant to the conviction or sentence which he seeks to challenge, his pleading may be construed as a petition for writ of habeas corpus.

The petitioner in the instant case, Kirk Martin Bagby, remains incarcerated pursuant to his Wichita County robbery conviction. Because he remains incarcerated, Bagby is not eligible for coram nobis relief. Review of the Court's records reveals that Bagby has a petition for writ of habeas corpus currently pending in which he attacks his robbery conviction, the same conviction at issue in the instant case. *See Bagby v. Thaler*, No. 7:10-CV-038-O (N.D. Tex.). Therefore, the instant action is duplicative and, construed a habeas petition, should be dismissed without prejudice to the earlier filed petition.

For the foregoing reasons, it is recommended that the petition for writ of error coram nobis be DENIED.[1] Construing this case as a petition for writ of habeas corpus, it is recommended that the petition be DISMISSED without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

---

[1] The Clerk of Court has notified the Court that Petitioner failed to either pay the $5.00 filing fee or seek leave to proceed *in forma pauperis*. Because this case is subject to summary dismissal, I recommend that the Court not waste scarce judicial resources seeking a $5.00 filing fee or a motion for leave to proceed *in forma pauperis* from Petitioner.

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 12th day of June, 2012.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE